DANIEL J. KANOUSE, APPELLANT, v. JOSEPH DONA-
TONIA, RESPONDENT.

Submitted March 22, 1920—Decided June 14, 1920.

1. The abolition of "bills of exception" does not abrogate the general rule that no ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged when made.

2. The new Practice act does not relieve a party from pointing out at the trial to the judge the portion of the charge to which he objects as heretofore, nor from making objection to a refusal to charge a request, if it is intended to make them the basis of an appeal.

3. Liability for a penalty under the Timber act does not arise from the mere trespass or unlawfulness of the act committed by the defendant, but such liability can only be created where there is proof that the trespass or unlawful act was done maliciously or

with evil intent. Where the defendant in committing the act complained of acts in the honest belief that he has the right to cut and take away the timber, he is not amenable to the penalty provided by the statute, though he might be liable in an action of trespass for the damage occasioned by his act.

On appeal from the Supreme Court.

For the appellant, *James H. Bolitho.*

For the respondent, *King & Vogt.*

The opinion of the court was delivered by

KALISCH, J. A jury in the court below rendered a verdict for the defendant against the plaintiff, and from a judgment entered upon the verdict the plaintiff appeals.

Our examination must be limited to those grounds of appeal which the record shows are based upon objections taken by counsel and upon which objections the trial judge ruled.

It has been repeatedly declared by this court that the abolition of "bills of exceptions" does not abrogate the general rule, that no ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged when made (*Kargman* v. *Carlo*, 85 *N. J. L.* 632) ; and that the new Practice act does not relieve a party from pointing out at the trial to the judge the portions of the charge to which he objects as heretofore, nor from making objection to a refusal to charge a request, if it is intended to make them the basis of an appeal. *Miller* v. *Delaware River Transportation Co., Id.* 700.

The record discloses that the appellant was the owner of some woodland at Beach Glen, in Rockaway township. On the 29th of June, 1915, he gave the defendant a writing from which it appears that the plaintiff had accepted from the defendant the sum of $8 in payment for all ties and timbers on the plaintiff's farm at Beach Glen, known as Anna Stickel farm, to be removed by defendant therefrom within three

years.   The defendant thereupon entered on the premises and began cutting and removing the ties and timber almost continuously until May, 1918, within the period of three years as agreed in the writing.   No objection appears was ever raised by the plaintiff against the defendant's right to cut and remove the ties and timber during that period.

Subsequently, on the 26th day of August, 1918, the plaintiff sued the defendant, in an action of trespass, in the Second Judicial District Court of Morris County, for cutting and carrying away forty cords of cordwood, valued at $400, which action appears resulted in a judgment of six cents for the plaintiff.   On March 5th, 1919, the plaintiff brought the present action to recover from the defendant penalties amounting to $7,344 under an act entitled "An act to prevent the unlawful waste and destruction of timber in this state" (*Rev.* 1877, *p.* 1187), the supplements thereto and the amendments thereof, alleging that the defendant "did on divers days between the 1st day of January, 1918, and the 1st day of January, 1919, last past, cut, fell, worked up, carried away and destroyed nine hundred and eighteen trees and saplings standing and lying on plaintiff's land," &c.   To this complaint the defendant pleaded a denial of the truth of the matters contained therein.   Before the jury was sworn, plaintiff's attorney asked leave to file an additional plea—a plea setting up *res adjudicata.*   A colloquy ensued between court and counsel which resulted in permission being granted by the court to the filing of the plea as requested, and in order that the case proceed as if the plaintiff had filed a replication to such plea denying the facts set out therein.   Although it appears that the plaintiff's attorney objected to the filing of the additional plea, he appears to have fully acquiesced in the final determination of the court to allow the amendment upon the terms as above stated.   It is, therefore, clear that the plaintiff's first ground of appeal that the court erred in allowing the amendment over the objection of counsel of plaintiff is without merit.

The second ground of appeal is, that the court permitted the defendant to give illegal evidence in the presence of the

jury with reference to the trial had in the District Court. It is quite plain that this ground of appeal is not properly here for consideration. This court cannot be required to hunt through the record to ascertain who of the witnesses gave such illegal testimony and in what respect the testimony was incompetent. It was the duty of counsel to point out in the ground of appeal the specific testimony which is alleged was illegally admitted over his objection, in order to have the same considered. *Kargman* v. *Carlo, supra; Miller* v. *Delaware River Transportation Co.; supra.*

The only other matter presented for our consideration arises out of a general objection made by counsel of defendant to what the trial judge said, in his instructions, "relating to alleged contract of sale of timber and to District Court record and question of *res adjudicata.*"

A careful examination of the charge in the several respects pointed out disclose no error prejudicial to the plaintiff. It appears that the trial judge in his remarks referred to a writing, as a receipt, in substance, a contract, which the plaintiff gave to the defendant and from which writing the only permissible inference was that the plaintiff authorized the defendant to go upon the former's land and to cut and carry away timber and ties for a period of three years from the date of the writing. What the trial judge said in this connection was that if the ties and timbers were taken within the three years, the defendant had a right to take them within that time, but that he had no such right after the expiration of the three years. While, perhaps, this comment was unnecessary, nevertheless, it was not prejudicial to the plaintiff for the issue was not confined to this narrow limitation.

The plaintiff was not entitled to a recovery of the penalties sued for, under the Timber act, except upon proof that the alleged wrongful acts were not done by the defendant in good faith—that is, in the honest belief that he had the right to cut and take the timber, and the question whether such belief existed was one for the jury. *Cook* v. *Bennett Gravel Co., 90 N. J. L.* 9. Nor do we find any error in what the trial

judge said regarding the legal effect of the record of the District Court on the issue involved in the present case.

Appellant's counsel argues that the fact that the plaintiff obtained a judgment of six cents, in the District Court, in his action of trespass against the defendant, made the judgment record of that court conclusive evidence in the present case that the defendant was a trespasser, and, hence, that being so, he was liable to respond to the plaintiff for the penalties incurred under the Timber act for cutting and carrying away the timber and ties.

In the light of the doctrine laid down in the case of *Terrone* v. *Harrison,* 87 *N. J. L.* 541, decided by this court, followed by *Cook* v. *Bennett Gravel Co.; supra,* the unsoundness of the proposition is palpable.

Those cases clearly establish that liability for a penalty under the Timber act does not arise from the mere trespass or unlawfulness of the act committed by the defendant, but such liability can only be created where there is proof that the trespass or unlawful act was done maliciously or with evil intent. Where the defendant in committing the act complained of acts in the honest belief that he has the right to cut and take away the timber, he is not amenable to the penalty provided by the statute, though he might be liable in an action of trespass for the damages occasioned by his act.

Under the facts of the present case it was incumbent upon the trial judge to submit the question of the good faith of the defendant in doing the acts complained of to the jury, and this the court did in a proper manner.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.

*For reversal*—MINTURN, J. 1.